# JOSÉ MATEO FANFAN

*v.*

# FAJARDO SUGAR GROWERS ASSOCIATION.

San Juan, Law, No. 994.

ON MOTION TO DISMISS UPON PAYMENT OF COSTS.

Procedure—Dismissal.

    1. Rule 39 of this court as to dismissal refers to the clerk, but the principles will be followed in actions by the court.

Nonsuit—Dismissal.

    2. Nonsuit was originally had upon motion of the plaintiff. Dismissal is the action of the court. But practically there is now little difference between the two.

Counterclaim—Affirmative Relief.

    3. Under the Porto Rican practice a counterclaim is much the same as an offset in the American practice. Affirmative relief goes beyond defeating the plaintiff's claim and seeks additional relief.

Dismissal—Costs.

    4. The actual taxable costs of both sides up to the granting of the motion must be paid before a motion for dismissal under § 192 of the Porto Rico Code of Civil Procedure.

Dismissal—Merits.

    5. A dismissal or nonsuit under § 192 of the Porto Rico Code of Civil Procedure is not upon the merits, and the case can be brought up at some future time; but it cannot be brought up again in the Federal court unless the costs of the first trial have been paid.

Opinion filed December 1, 1914.

*Messrs. Savage & Francis* for plaintiff.

*Mr. Louis Banigan* for defendant.

Fanfan v. Fajardo Sugar Growers Asso.

HAMILTON, Judge, delivered the following opinion:

This is the day set for the trial of the above case. The plaintiff comes and insists upon a motion filed last Saturday by him to dismiss the case upon payment of costs. A check for $13.45 has been tendered to the clerk and it is agreed that this covers the clerk's costs, but not the costs of witnesses and marshal's fees. The motion is made under § 192 of the local Code of Civil Procedure. That says: "An action may be dismissed or a judgment of nonsuit entered in the following cases: 1. By the plaintiff himself, at any time before trial, upon the payment of costs: Provided, a counterclaim has not been made or affirmative relief sought by the cross complaint or answer of defendant." The motion is made under this clause of the section. It brings up several things for consideration.

1. Reference is made to rule 39 of this court. This, however, applies to dismissal by the clerk, and while the principles would be the same as those on application to the court, the details are not necessarily the same. For the purposes of this case, the rules declared in the local Code of Civil Procedure may be followed.

2. In the second place, supposing that it is a proper case that falls under this section, should there be a judgment of nonsuit or dismissal? What is the difference between the two? Practically there is now little or no difference between them. Nonsuit was had upon the motion of the plaintiff. It was where the plaintiff himself abandoned his suit before going to trial. This at common law permitted him to begin over again upon paying whatever costs were proper. Dismissal is a broader term, and is the action of the court, and may be where the plaintiff does

VII. Porto Rico—23.

not seek anything of the kind at all. The court may dismiss the case in certain instances. For the purposes of this motion, however, it does not seem necessary to discriminate further between the two. In point of fact, the plaintiff makes the motion for a dismissal, so that the two for the present purpose are practically the same.

3. A more important question now comes up. Has there been a counterclaim or affirmative relief interposed? The suit is in ejectment for land. The answers seem to be pretty much in the same language, and in the first place simply deny the cause of action, in the second place, set up that the plaintiff had been legitimated and deeded the property, and, in the third place, that the Porto Rican statute of limitations has run. The question therefore is whether either of these is a matter of counterclaim or affirmative relief. A counterclaim is very much the same as an offset. It is where a plaintiff makes a claim and the defendant has a claim against the plaintiff of the same nature, so that the one can be used in diminution or to overcome the other. For instance, if the plaintiff has a note and the defendant has one also on his side, one may be offset against the other, and that would be a counterclaim. That is not the nature of this case. The statute also says that in case of affirmative relief being sought, this motion cannot be entertained. Do the defenses mentioned set up affirmative relief? They expressly call them affirmative defenses, and not affirmative relief. They do not seek any right whatever against the plaintiff. They simply seek to defeat the plaintiff's cause of action by setting up one fact or another fact by which they would defeat it. The result of it would be, if they went to trial, that the defendant, if the plaintiff lost, would have obtained complete relief. The plain-

tiff would be defeated on the merits so that he never could sue again on the same claim. He would be forever barred without any decree to that effect.

If the prayer of the defense means anything affirmative, it would look to an injunction, which, of course, would not come up in a lawsuit. It would seem that an affirmative relief in ejectment would be very infrequent, but it might come up in some such case as this. Suppose the plaintiff sues for a piece of land. The defendant, assuming, for instance, that it is a railroad or a municipal corporation, defends upon the ground that it has a right of way over this land. The defendant might set up facts establishing that right as an affirmative relief, and the court proceed and render a judgment denying the right of the plaintiff and establishing the right of way of the defendant. That would be an instance of affirmative relief as distinguished from affirmative defense. An affirmative defense is simply where something is alleged that is more than a denial of the cause of action. It sets up some new facts which illustrate and make stronger the defense, but which do not seek any new right against the plaintiff. I think that is the purport of the distinction, and in this case I do not think that the answers set up either of the two exceptions allowed by § 192, a counterclaim or an affirmative relief. The motion, therefore, in some form, could be granted.

4. The next question is, What is embraced in the subject of costs? In the first place, the costs have to be paid before the judgment is entered. The judgment is not entered and then costs paid at some convenient time afterwards. Perhaps the clerk could do so *sub modo,* but it would not be the best practice. The costs that have been tendered are simply the clerk's

Fanfan v. Fajardo Sugar Growers Asso.

costs, and do not embrace the defendant's costs. I think the statute goes further than this. If this court is to sit here and determine controversies, and at the moment of trial is asked to allow the parties to go without a trial, it certainly, if it has the power, will let them go in the same condition in which they were before the suit was brought, that is to say, the actual taxable costs of both sides, not including attorneys' fees, must be paid before the court will dismiss or enter a judgment of nonsuit under § 192. The motion will be granted, provided those costs are paid, and the parties will confer with the clerk and get the clerk to tax the costs. And further, costs ought to cover any witness fees actually incurred up to this morning. The fact that a motion is made and a tender made of costs, which it turns out now is not sufficient, ought not to put the defendant to the expense of further costs in the meantime, so it ought to embrace any costs actually incurred up to the time of trial. There is one thing further. If the matter was left this way, the case would be taken out of the call. It cannot be tried this morning on account of the absence of the jury due to the statements made by counsel yesterday. It might in some cases be almost as great a hardship as dismissing the case to make parties come here again. I would not want to leave things so uncertain as that. So this case is reset for to-morrow, and, if the costs are paid in accordance with what has just been said, further action will be taken at that time.

5. The defendant has asked that a judgment on the merits be entered. Of course, after what has been said, that could not be granted, but § 193 would seem to cover the case. "In every case, other than those mentioned in the last section, judgment must be rendered on the merits." So that in any dismissal or nonsuit

Fanfan v. Fajardo Sugar Growers Asso.

under § 192, it would seem that it is not on the merits. That is to say, the case can be brought up at some future time, but it is only right to add that, even if that is a proper. construction of § 192, it could never be brought up in this court after dismissal not on the merits without the payment of the costs which should have been paid on the first trial. It will not be tried a second time unless the proper costs on the first trial are paid. That is not in the local statute, but it is the practice of this court.

The motion to dismiss will therefore be granted, provided the costs, which are to be taxed by the clerk, are paid to-day. Otherwise it will be refused and the parties will have the right to go to trial to-morrow morning.